LAURA M. SANFORD ET VIR., PLAINTIFFS, v. CHARLES H. TOTTY COMPANY ET AL., DEFENDANTS.

Decided January 20, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Lum, Tamblyn & Colyer.*

*Contra, Smith & Kiernan.*

PER CURIAM.

In December, 1929, Laura M. Sanford, a woman thirty-nine years of age and one of the present plaintiffs, while walking on Mount Pleasant avenue, in the town of Hanover, New Jersey, was run down and injured by an automobile belonging to the defendant corporation. She brought the present suit to recover compensation for the injuries which she received, her husband joining with her and seeking compensation for the loss of her society and assistance and the medical expenses already incurred by him and hereafter to be incurred in the treatment of his wife. The jury awarded the wife $26,000 and her husband $4,000. The award to the husband is not attacked by the defendants. We are asked to make the present rule absolute as to Mrs. Sanford because the verdict in her favor is excessive.

It clearly appears from the testimony submitted by the plaintiffs that as a result of this accident Mrs. Sanford is a physical wreck and that she will remain so during the rest

But, the essence of a lien is the retention of possession, and a relinquishment of the possession would thus terminate the lien, in the absence of statute or the agreement of the parties to the contrary. *Lanterman* v. *Luby* (*Court of Errors and Appeals*), 96 *N. J. L.* 255. Moreover, for the present attorney to hold the evidence necessary to prove the client's cause would seriously embarrass a fair trial.

In order to secure to the client his free choice of attorneys and the use of all his evidence both before and during the trial, and to secure to the attorney full payment for his services to date, whether his agreement as to the present litigation was contingent or not and whether such litigation should end in the defeat of his present client or not, the following order will be entered:

(1) To substitute the new attorney desired by the client;

(2) For the present attorney to deliver to the client the necessary evidence in the cause, but on condition;

(3) That (a) the plaintiff's lien under the statute shall not be affected, and (b) that the client shall give security to be approved by the court for the payment of the present attorney's general lien, if any, if and when same is found to be due.

of her life. The jury evidently believed this testimony and based its verdict upon it. We consider that the jury was entirely justified in finding that the injuries to Mrs. Sanford were of the character indicated, and, this being so, we cannot say that the verdict, although large, is so plainly excessive as to justify this court in setting it aside on that ground.

The rule to show cause will be discharged.